SMITH, CULVER, Associate Judge.
On April 13, 1961, a property settlement agreement was executed by appellant-wife and appellee-husband. A decree of divorce was entered on May 25, 1961, incorporating this agreement therein. Appellee thereafter made payments to appellant pursuant to the agreement. In 1965, a dispute arose between the parties as to the correct amount of the payments. This appeal is brought from a final order dismissing a rule to show cause on appellant’s petition therefor. She *499 contends that the court erred in its interpretation of the property settlement. The pertinent provisions of this agreement are:
“1. During his lifetime First Party shall pay to Second Party, until her death or until she shall hereafter contract marriage, whichever shall first occur, alimony as follows:
a) From April 15, 1961, to April 15, 1965, a sum equal to' 35.45% of his adjusted gross income, as determined for United States income tax purposes.
b) From April 15, 1965, to May 15, 1970, a sum equal to 27.48% of his adjusted gross income, as determined for United States income tax purposes.
c) From May 15, 1970, a sum equal to 19.5% of his said adjusted gross income.
tt * * *
“3. Said alimony shall be paid by First Party to Second Party in regular equal monthly installments, based on First Party’s last filed United States income tax, commencing with a first installment to be paid on the 15th day of April, 1961.”
The effect of the trial court’s ruling was that paragraph one provided the amount of alimony to be paid appellant should be based upon appellee’s income for the year in which it was payable. It further held that paragraph three provided only a formula on which to fix the amount of monthly payments, until determination of appellee’s income for current year could be made. The appellant contends that by reason of paragraph three the exact amount payable each year is to be based on appellee’s last filed tax return, that is, the one filed for the previous taxable year.
We must determine whether or not the court below erred in holding that alimony payments to the appellant based on the appellee’s adjusted gross income for the year in which the payments are made, rather than on his last tax return filed previously thereto. This cause comes to us with a presumption of the correctness of the trial court’s order. Although different constructions might possibly be placed on the settlement agreement, a thorough study of the record and of briefs submitted by counsel fails to establish that there has been either any abuse of judicial discretion or a misapplication of law.
The order appealed from its hereby affirmed.
McCAIN, J., concurs.
REED, J., dissents with opinion.